*548 On the Merits.
Swan opposes the account filed by the administratrix. He prays to be placed thereon as a judgment creditor for $4050, with interest. He prays that the following items be stricken therefrom :
1. Claim of the administratrix............................$1,287 74
2. Fee allowed to Garrett, attorney...............'......... 500 00
3. Fee allowed to Garrett & Garrett....................... 500 00
4. Printing bill ior briefs.................................. 98 50
5. Printing for the estate.................................. 188 25
S. H. Kennedy & Co. represent themselves to be judgment creditors, with a recognized privilege against the estate of Gayle, in the sum of $7261 31, with eight per cent, interest thereon on $6000 from December 1, 1867.
Schlessinger, in his own right and as executor of F. S. Schlessinger, claims to be a judgment creditor in the sum of $5416 21, with eight per cent, interest from November 25, 1867, with a recognized privilege.
Gottleib King claims to be a creditor for the sum of $852 43, with eight per cent, interest from .first February, 1872. He was cosurety with the deceased. Judgment was rendered against him for the whole amount, which he paid; $852 47 is the half of the debt.
Together, Kennedy & Co., Schlessinger and King, charge that the administratrix is liable.
First — For lands in the parish of Morehouse, which were sold for $153.
Second — Lands in the parish of Carroll, sold for $203; besides other lands, the value of which is not given.
Third — For lands not accounted for in the parish of Richland, appraised at $900.
Fourth — For a house and lot in Monroe, sold for $5505, whereas she only charges herself with $5456 50.
Fifth — For the difference between $110 50 and $72, proceeds of personal property.
Sixth — For accrued interest collected on the notes given at the credit sale of personal and movable property sold on eleventh January, 1868.
Seventh — For rent of house in Monroe, occupied by her for five years at $75 per month, the house and lot having been Gayle’s individual property.
Fighth — They deny that the item $694 69, for city, parish and State taxes, is a privileged claim, and they further say that this question is res judicata.
Ninth — They oppose the item of $188 25 for printing as exorbitant.
*549 Tenth — They oppose the item of $98 50 for printiug briefs, denying that it is a legal charge against the estate, and if it be they deny that any privilege exists therefor.
Fleventh — They oppose the additional item of $300, allowed to John Ray for professional services.
Twelfth — They oppose the reservation of $100 for future costs.
Thirteenth — They oppose the two items, $500 each, allowed to Isaiah Garrett, and to Garrett & Garrett, and deny that they are entitled to any privilege.
Fourteenth — They oppose the charge of $297 77,' commissions of administratrix, upon the ground that she has been grossly negligent and regardless of her duties, etc. '
Fifteenth — They oppose her claim of $4287 74, as a fraudulent device to shield the property of her late, husband from the pursuit of his creditors.
Sixteenth — And to the last item they oppose the prescription of three, five and ten years.
N. King Knox is a judgment creditor for $800, the judgment operating as a judicial mortgage from sixteenth April, 1867, with legal interest from first January, 1860. He claims that his mortgage is superior to all others except Gottleib King and J. L. Hunsicker’s, and that he is entitled to be paid out of the proceeds of the real estate belonging to the succession, in preference to all others. He opposes the mortgage claimed by Mrs. Gayle, and adopts the oppositions made to the account by Swan, King, and others.-
He opposes Swan’s claim as a mortgage and privilege debt, except from the date of its second inscription, the same not having been rein-scribed within ten years from its first inscription.
Mrs. Mary Hunsicker, widow in community óf J. L. Hunsicker, and as such administering his estate, and Ida V. Hunsicker, heir of J. L. Hunsicker, represents that J. L. Hunsicker is a judgment creditor for $75, with eight per cent, interest from first January, 1861, which operated as a judicial mortgage on Gayle’s estate from the twentieth April, 1866.
They claim preference over all other mortgage creditors except Gottleib King, but say their mortgage is concurrent with his.
They adopt the oppositions of King, Sloan and -other opponents. They oppose the claim of Sloan as a mortgage, except from its second inscription.
Let us first consider the oppositions that are made by all the creditors to the item of $4287 74, which the administratrix claims. It results from moneys received by her husband, the proceeds of property belonging to her.
*550 She was a judgment creditor of her husband. This judgment she executed. The community which had existed between them was dissolved. She then purchased property in her own name. This property she sold, and the husband received the proceeds, amounting to the sum claimed. She sets up a mortgage upon her husband’s property to secure the return of this amount. We are called upon to determine whether her pretensions are well founded. And here she claims that her judgment of separation can not be attacked collaterally ; that the time for attacking it has passed; and as the creditors who are now opposing her only became creditors after her mortgage attached, they can not complain, as it did them no injury.
The answer to this is: First, that it is not necessary to determine whether her judgment of separation of property was or not valid •, and second, that the question is not whether her mortgage is superior to theirs, but whether she has any mortgage at all independent of her judgment of separation.
In our opinion, after a wife has obtained a separation of property from her husband, and has executed it, and has assumed the administration of her estate, it would be a fraud upon the public to permit her to acquire a legal mortgage upon the property of the husband acquired by him subsequent to the judgment of separation, by permitting him to manage her property and spend her money. He must be presumed to have acted as her agent, and as such owes her an account of his administration, but his acts create no mortgage on his estate. The fact that she has recorded the evidence of her claim does not give her a mortgage. It is the character of the recorded claim which constitutes the mortgage, and not the mere recording of the claim.
She is, however, an ordinary creditor for the amount received by her husband subsequent to her execution of the judgment which she obtained against him. The charges that her acts in this regard were a sham and a fraud, are not established. The oppositions are not sustained.
The next serious question raised by the oppositions is the amount which opponents say the administratrix should charge herself with for rent of a house which she occupied. This house belonged to the succession of her husband. It was his separate estate. It must be considered as much an independent piece of property as any other property which belonged to the estate upon which she was administering. If she choose to occupy it, she is chargeable with the rent thereof, just as any third person would be. It was not her property, and she can not use it without being made to pay for it. She occupied the house for five years. It is admitted that fifty dollars per month would have been an average rent for the house. She therefore owes the succession $3000, with which her account must be charged.
*551 The opposition to the fees paid, or proposed to be paid, to Isaiah Garrett $500, and to Garrett & Garrett $500, must be maintained.
The estate was represented in court by competent counsel. It was the duty of this counsel to appear for the succession in all matters in which it was interested. He is paid for the performance of this duty. If he chooses to delegate his power to a brother attorney, he must pay him. If the administratrix chooses to employ additional counsel, she must pay him. Neither by separate or combined action can the administratrix and attorney of the succession impose an onerous charge upon an estate by the employment of counsel when the estate is already provided with a competent legal adviser.
The difference between the amounts charged against herself for sales of certain property sold and the amounts which she received, forming items No. 1, 2 and 5 of the oppositions, is small, and occurs from the fact that she deducted from the gross proceeds the costs and gave only the net results of the sales. The opposition to these items must be dismissed.
No. 3 — The laud in Richland, for the value of which the administratrix is sought to be made liable, does not appear to have been sold. If it belongs to the succession it is still an asset, and the administratrix is not responsible for its value until it shall have been sold. This opposition must be dismissed.
No. 4 — The difference between the apparent price of the house and land sold in Monroe and the sum accounted for is explained by the fact that a portion of the land sold belouged to another party. Deduction being made for the value of the property thus erroneously sold, and the amount accounted for, is correct. This opposition is dismissed.
No. 6 — We are not informed what interest the administratrix received on account of accrued interest collected on the notes given in payment of property sold, and therefore can not say that she should be charged with any.
No. 7 — This item of opposition has been passed upon.
No; 8 — The taxes are upon property in different parishes, and those due are a privilege upon the lands which are liable to taxes ip the parishes. The opposition which complains that the whole of the taxes due are privileged on all the property must be maintained.
No. 9 — The opposition to this item, which is for printing, is dismissed. It is a privilege charge against the estate.
No. 10 — The same may be said of this item.
No. 11 — The opposition to the allowance of $300 to John Ray, attorney, for services to the succession, is dismissed. The amount awarded to him in the succession is reasonable.
*552 No. 12 — The opposition to $100 reserved for future costs is dismissed.
No. 13 — The opposition to the fee allowed I. Garrett aud Garrett & Garrett has already been passed upon.
No. 14 — The opposition to the administratrix’s claim for commissions is dismissed. We do not discover that she has done anything which should deprive her of them.
No. 15 — The opposition to the claim of the administratrix for $4287 74, claimed to be due by her husband, has been passed upon.
No. 16 — The plea of prescription to the claim set up by the administratrix for $4287 74, it is not necessary to consider in view of the decision upon the opposition to her claim.
The matters set up in the supplemental opposition of Swan have been disposed of by one witness in the oppositions heretofore considered.
Up to this point all the opponents have been attacking the administratrix’s account. Now they turn upon each other, and each deny, in a great measure, the verity or priority of the claims advanced by the other. Combinedly they attack Swan’s pretensions. Swan claims to be a creditor, with mortgage superior to all others, in the sum of $4050, with interest. His mortgage is denied.
In support of his claim he has offered in evidence a judgment of the district court for the parish of Ouachita, decreeing him to be a creditor of the succession in the amount which he claims to be due. No answer has been made to this demand by the administratrix. None was necessary. Swan is an actor in his own behalf. In matters of opposition to succession accounts, all the parties are plaintiffs and defendants, and each opponent must make out his case by proper and sufficient proof. Now the judgment upon which Swan relies, as regards the mortgage, is against him; for it recognizes him only as an ordinary creditor, and expressly denies his right of mortgage upon the ground that it had not been reinscribed within ten years from its first inscription. This judgment was rendered on the nineteenth September, 1872. It has never been reversed or appealed from, that we can discover. It is therefore conclusive against him. There is another ground which is fatal to his pretensions. It is this : It is not denied that when reinscribed the mortgage had perempted. Now at the date of the reinscription Gayle was dead. The reinscription of a mortgage after peremption, subsequent to the death of the mortgager, does not affect the property of his succession with a mortgage. This renders it unnecessary for us to examine the bill of exceptions taken by him to the admission of certain evidence regarding the erasure of the mortgage. If we ruled out this testimony, his own evidence shows that he has no mortgage.
*553 The supplemental opposition of Schlessinger & Co; and Kennedy & Co. to the failure of the administratrix to account for $2175, amount of notes given for the purchase of property sold on the Stevens’ plantation, must be maintained. In the brief it is claimed that the balance due Mrs. Stevens for rent exceeds the amount of these notes. But this proposition is inadmissible. The notes were given for property belonging to the succession,. It was the duty of the administratrix to collect them, and to place the proceeds on her account, leaving it to the parties in interest to claim their right of preference over the proceeds.
Gottleib King was bound with Gayle for a debt due by Richardson. King, under judgment, which was recorded on April 13, 1866, paid the debt. Gayle then became his debtor for the half thereof, and he was subrogated of right to the common judgment creditor against Gayle. The amount due is $852 43 with eight per cent, interest from first February, 1872.
N. H. Knox is a creditor for $800, with eight per cent, interest from first January, 1860, with judicial mortgage from sixteenth April, 1867.
The Hunsickers are judgment creditors for $75, with interest at eight per cent, from January 1, 1861, with judicial mortgage from twentieth April, 1866.
Kennedy & Co. and Schlessinger & Co., the amount of whose claims are not disputed, assert no privilege or mortgage upon the proceeds of real estate, but rely upon the rejection of claims alleged to have been erroneously paid as privileged claims'by the administratrix and their opposition in common with other creditors to the account, which, if sustained, will give them an additional pro rata as ordinary creditors in proportion to the amount fixed on their respective claims.
They are special privileged creditors on the crops raised, respectively, upon the Stevens and McGuire places, recognized as such by judgment of this court, and their pretensions in regard to these matters are not congested.
Kennedy & Co.’s claim is $7201, with eight per cent, interest on $6000 from seventeenth December, 1867. Schlessinger & Co.’s claim is $5416 21 with eight per cent, interest from twenty-fifth November, 1867.
It is therefore ordered, adjudged and decreed that the judgment of the parish court be amended as follows ;
It is ordered that the account of the administratrix be charged, first, with the rent of house occupied by her, $3000; second, with the proceeds of sale of property on the Stevens’ place, $2175.
It is further ordered that the oppositions to the following items charged as privileges and mortgages upon the property of the estate *554 be maintained, and that they be disallowed: First, the item claimed by the administratrix on account of her alleged legal mortgage, $4287 74 ; second, the item allowed to I. Garrett, $500; third, the item allowed to Garrett & Garrett, $500.
It is further ordered that the following oppositions to items charged on the account as privileged debts, to wit: Printing briefs, $98; printing for the succession, $188 25; John Ray, attorney for succession, $300; to amount reserved for future costs, $100, be dismissed. That the opposition to the privilege claim for taxes, in so far as the entire estate is held to pay the entire tax, is maintained — the taxes in each parish to form a separate privilege against the proceeds of the property returned in each parish against which it is claimed.
It is further ordered, adjudged and decreed that the oppositions claiming amounts alleged to be due on lands sold in the parishes of Carroll, Morehouse and Ouachita, he dismissed. The oppositions to amount of accrued interest received by the administratrix an notes given in payment of property, is dismissed.
It is further ordered that the opposition to the commissions of the administratrix be dismissed.
It is further ordered that the opposition of Swan be maintained in so far as to place him on the account as an ordinary creditor for the amount claimed by him $6080, with interest as claimed, and that it be dismissed upon his claim to a right of mortgage.
It is further ordered that the opposition of Mr. and Mrs. Hunsicker be maintained, and that they be placed on the tableau as creditors, with mortgage on the real estate belonging to the succession, and to be paid out of the proceeds thereof, for seventy-five dollars, with interest at eight per cent, from first January, 1861. That the opposition of N. King Knox be maintained, and that he be placed on the tableau as a judgment creditor in the sum of $800 with interest at eight per cent, from first January, 1860, with judicial mortgage upon the real estate of the succession, and to be paid out of the proceeds thereof.
It is further ordered that the opposition of Gottleib King be maintained, and that he be placed on the tableau as a judgment creditor for $852 43, with eight per cent, interest from first February, 1872, with judicial mortgage upon the real estate of the succession or the proceeds of the sale thereof, his judgment to rank from the thirteenth April, 1866.
It is further ordered that the judgments of King and Hunsicker be paid concurrently and prior to the other judgment creditors.
It is further ordered, adjudged and decreed that the opposition of Kennedy & Co. be maintained, and that they be placed on the tableau *555 as creditors of the succession in the sum of $7261 31, with interest on $6000 from first December, 1867, with privilege on the proceeds of crop made on the Island plantation, the property of Mrs. Mary Stevens, and that as to the balance of their claim they be paid pro rata with the ordinary creditors.
It is further ordered that the opposition of Schlessinger in his own name and as the representative of the late commercial house of Schlessinger & Co. be maintained, and that he be placed on the tableau in his capacities aforesaid as a creditor of the succession in the sum of $5416 21, with privilege on the proceeds of the crops grown on the McGuire plantation, and that for the balance of their claim they be paid pro rata with the ordinary creditors.
It is ordered that Mrs. Mary J, Gayle be recognized as a mortgage creditor for the amount remaining due on her judgment of separation of property to rank as stated in the judgment, and that for the balance of her claim, as it appears on the tableau, she* be recognized as an ordinary creditor, to be paid pro rata with the other ordinary creditors of the estate; and as thus amended the account of the administratrix be approved and homologated, and the funds distributed accordingly.